UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRON HEREFORD,

       Petitioner,                      No. 04-40293

v.                                   District Judge Paul V. Gadola

MILLICENT WARREN,             Magistrate Judge R. Steven Whalen

       Respondent.
                                   /

**REPORT AND RECOMMENDATION**

On October 13, 2004, Petitioner Darron Hereford filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, challenging his conviction in Oakland County, Michigan Circuit Court for armed robbery. On April 13, 2005, Respondent filed a Motion for Summary Judgment [Docket #7], seeking dismissal without prejudice based on Petitioner's failure to exhaust his state remedies as to one of his claims.

On October 3, 2005, the case was referred to the undersigned to conduct all pretrial proceedings, including issuing a Report and Recommendation on any dispositive motion, pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Respondent's Motion for Summary Judgment be DENIED.

    **I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

[Respondent's motion requires this Court to determine whether the Petitioner fairly presented his claim of denial of counsel at a critical stage of the proceedings to the

Michigan appellate courts. The facts set forth below will therefore be limited to those relevant to this claim].

Petitioner, having waived his right to trial by jury, was tried in a bench trial before the Honorable Rudy J. Nichols of Oakland County Circuit Court. He was tried along with a co-defendant, Kyle Davis, although Mr. Davis elected to have a jury decide his case. Petitioner was ultimately convicted of armed robbery, M.C.L. 750.529, and sentenced to a prison term of 9 to 20 years.

Petitioner took an appeal as of right to the Michigan Court of Appeals. The Claim of Appeal was filed on May 16, 2000, and on September 6, 2000, the Petitioner, through appointed counsel, filed his brief on appeal. That brief did not address the Sixth Amendment right to counsel matter at issue in the present motion. However, while Petitioner's case was pending in the Court of Appeals, he filed a motion to file supplemental brief. That motion was granted on March 28, 2001, and Petitioner's counsel filed a supplemental brief raising arguments stemming from a previously untranscribed mid-trial bench conference between the prosecutor, co-defendant's counsel and the trial judge, concerning a prosecution witness who was to testify at trial.[1] Petitioner's attorney was not present at that conference.

In his supplemental brief to the Court of Appeals, Petitioner's counsel argued,

---

[1] It appears that the transcript of this ex-parte conference was neither noted in the trial court docket entries nor provided to assigned appellate counsel along with the trial transcripts; hence, it was not addressed in Petitioner's original Court of Appeals brief.

*inter alia*, that the ex parte conference violated his Sixth Amendment right of confrontation, and set forth extensive argument and citation of authority on that point. Petitioner set forth a complete factual statement regarding the bench conference: who was present and who was not, how it came to occur, and what was discussed. Counsel also appended excerpts of the transcript. At page 6 of the supplemental brief, Petitioner argued as follows:

> "In addition, the actions of the court and the prosecutor in conducting the ex parte bench conference denied the defendant the right of counsel at a critical stage."

On December 3, 2002, the Court of Appeals affirmed Petitioner's conviction in an unpublished per curiam decision. However, that opinion was completely silent as to the ex parte bench conference that formed the basis of Petitioner's supplemental brief. On December 23, 2002, Petitioner filed a motion for rehearing based on the court's failure to address his supplemental issues. The Petitioner's motion for rehearing stated, in pertinent part:

> "In this court's attached written opinion affirming the Defendant's conviction and sentence this court did not, in any way, address the State and *Federal Constitutional arguments* raised in the Supplemental Brief on Appeal. The facts as detailed in the Supplemental Brief on Appeal raise *constitutional issues as follows* which defendant argues require rehearing:
>
> –The trial court denied defendant's due process rights under the confrontation clause when it engaged in an ex parte bench conference with the prosecutor.
>
> *–The defendant was denied the presence of counsel at a critical stage of the proceeding when the court engaged in an ex parte bench conference with the prosecutor.*" (Emphasis added).

On January 27, 2003, the Court of Appeals granted Petitioner's motion for rehearing, and vacated its previous per curiam opinion:

> "The Court orders that the motion for rehearing is GRANTED and the opinion issued 12/3/2002 is VACATED. A new opinion will be forthcoming."

The Court of Appeals issued its new opinion of January 28, 2003. In Part IV of that opinion, the court discussed the matters raised in the supplemental brief. Although the court's discussion centered for the most part on the Confrontation Clause/cross-examination argument, the opinion did note as follows:

> "We agree with defendant that it was improper to conduct a bench conference without defense counsel's presence. See generally *People v Riggs*, 223 Mich App 662, 677; 568 NW2d 101 (1977) (*Sixth Amendment right to counsel attaches at 'critical stage' of proceedings*)...." (Emphasis added).

On February 20, 2003, Petitioner filed an application for leave to appeal to the Michigan Supreme Court. In the Issue Heading of Issue I of the application, Petitioner framed the argument in general terms:

> "THE TRIAL COURT AND THE PROSECUTOR DENIED DEFENDANT'S DUE PROCESS RIGHTS WHEN THEY ENGAGED IN AND EX PARTE BENCH CONFERENCE..."

At page 10 of the application, in the argument portion, the Petitioner stated, "On Rehearing the Court of Appeals found that *although it was constitutional error to conduct a bench conference without defense counsel's presence*, the error was harmless beyond a reasonable doubt." (Emphasis added). Later, following a discussion of the cross-examination/Confrontation Clause error, the Petitioner repeated to the Supreme Court that

-4-

which he had argued in his supplemental brief in the Court of Appeals:

> "In addition, the actions of the court and the prosecutor in conducting the ex parte bench conference denied the defendant the right of counsel at a critical stage." *Application for Leave to Appeal*, pp. 12-13.

On June 12, 2003, while the application for leave to appeal was pending in the Michigan Supreme Court, the Petitioner filed Supplemental Authority, stating as follows:

> "Defendant-Appellant submits to this court the attached supplemental authority from the Sixth Circuit Court of Appeals, on Remand from the United States Supreme Court. *This authority applies to defendant's claim that his conviction should be reversed because he was denied counsel at a critical stage of the trial as discussed within the defendant's Application for Leave to Appeal.*" (Emphasis added).

As supplemental authority, the Petitioner attached a copy of the Sixth Circuit's decision in *French v. Jones*, 332 F.3d 430 (6th Cir. 2003), which squarely addressed the Sixth Amendment question of absence of counsel at a critical stage of the proceedings (in the *French* case, the reading of supplemental instructions to the jury). *French* was decided after Petitioner filed his application in the Supreme Court.

On October 8, 2003, the Supreme Court denied leave to appeal, over the dissent of Justice Kelly.

On October 13, 2004, Petitioner filed his petition for writ of habeas corpus in this Court, arguing, among other issues, that the ex parte bench conference violated his Sixth Amendment right to the presence of counsel at all critical stages of the proceedings, citing *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), and *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

The Respondent argues in the present motion that under the framework set forth in *Picard v. Conner*, 404 U.S. 270 , 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), and its progeny, Plaintiff did not "fairly present" the *Cronic* issue to the Michigan courts, and thus has not sufficiently exhausted that issue for purposes of federal habeas review. Therefore, Respondent argues, the Court is faced with a "mixed petition" which, pursuant to *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), must be dismissed without prejudice.

## II.    LEGAL PRINCIPLES REGARDING EXHAUSTION

A prisoner is required to exhaust his or her available state remedies before a federal court may grant a writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" the substance of each federal constitutional claim in state court. *Picard v. Connor*, *supra*, 404 U.S. at 275-78. This means that the claim in state court "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Grant v. Rivers*, 920 F.Supp. 769, 779 (E.D. Mich. 1996).

A petitioner fairly presents a claim to the state courts by asserting both a factual and a legal basis for the claim. General allegations that a petitioner was denied "a fair trial" or "due process" are not sufficiently specific to fairly present a constitutional claim,

-6-

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), but at the same time, a petitioner is not required to cite "book and verse on the federal constitution." *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984) (quoting *Picard v. Connor*, 404 U.S. at 278). A petitioner can take one of four actions to exhaust, or "fairly present" a claim in state court:

> "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law *or in terms sufficiently particular to allege a denial of a specific constitutional right*; or (4) alleging facts well within the mainstream of constitutional law."

*McMeans*, *supra*, 228 F.3d at 681 (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)) (emphasis added).

### III.   ANALYSIS

The "fair presentation" requirement of *Picard v. Connor* requires that "the substance of a federal habeas corpus claim," in terms of both the facts and the legal basis, be presented to the state courts. *Id.*, 404 U.S. at 277-78. Although Petitioner could have been more expansive in his Sixth Amendment right to counsel arguments in the Michigan appellate courts, he sufficiently and fairly presented that federal constitutional claim under the framework set forth in *Picard*, *Franklin v. Rose* and *McMeans v. Brigano*.

The central point of *Picard* and its progeny is that the factual basis *and* a reference to a specific constitutional violation must be presented to the state courts. Hence, in *Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004), the court found that although the petitioner had presented the state appellate court with the *factual* predicate of a Confrontation Clause claim (the same factual underpinning of a separate prosecutorial

misconduct claim), he did not relate those facts "to legal precedent on the Confrontation Clause [or] in terms of a specific violation of his right to confrontation."

Petitioner Hereford's case is different. First, there can be no question that in his supplemental brief to the Court of Appeals, he clearly set forth the facts relating to the ex parte conference, including the crucial fact that his attorney was not present.[2] Then, he linked those facts not to some vague reference to a "fair trial" or "due process," but to a very specific constitutional violation, arguing that "the actions of the court and the prosecutor in conducting the ex parte bench conference denied the defendant the right of counsel at a critical stage."

The present case is therefore similar to *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003), where the petitioner was found to have fairly presented a jury instruction issue by doing no more than setting forth the facts and stating that the denial of a requested instruction "violated [his] right to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution." In the present case, the reference to "the right of counsel at a critical stage," in the context of the facts described, suffices for exhaustion. Nor is it significant that the Petitioner did not explicitly cite the Sixth Amendment in this passage, because the substance of the constitutional argument was clear. Again, Petitioner was not obligated to cite chapter and verse, as the Sixth Circuit

---

[2] Any issues raised in the supplemental brief were properly before the Court of Appeals as part of the direct appeal, given that the court specifically granted Petitioner's motion to file the supplemental brief.

held in *Koontz v. Glossa*, *supra*, 731 F.2d at 369:

> "While the petitioner in the case at bar, did not specify a precise constitutional amendment by number in his state brief, he did specify, in substance, the right afforded by the Constitution which he claimed had been violated."

Thus, in his supplemental Court of Appeals brief, Petitioner adequately phrased his denial of counsel claim "in terms sufficiently particular to allege a denial of a specific constitutional right." *McMeans, supra*, 228 F.3d at 681. Further, the Petitioner did even more to present this claim. When the original Court of Appeals opinion failed to address *any* issue raised in the supplemental brief, the Petitioner moved for rehearing, specifically stating in his motion that the court had failed to address certain *federal constitutional issues*, including that "*the defendant was denied the presence of counsel at a critical stage of the proceeding when the court engaged in an ex parte bench conference with the prosecutor.*" Significantly, the Court of Appeals granted the motion for rehearing and vacated its previous opinion. At that point, the presence of counsel issue was even more clearly before the court. This is not a case where the issue was raised for the first time in a motion for rehearing; rather, the basis of the motion was that the court had failed to address an issue that had already been raised.[3] That motion set forth the substance of the

---

[3] Petitioner's case is distinguishable from the unpublished case cited by Respondent, *Paredes v. Johnson*, 230 F.3d 1359 (Table), 2000 WL 1206544 (6th Cir. 2000), where an issue was raised for the first time on rehearing. (The Sixth Circuit subsequently withdrew *Paredes* from the bound volume, undercutting the value of that case in any event. *Paredes v. Johnson*, 2000 WL 924266 (6th Cir. 2000)). The Petitioner's case is also distinguishable from *Gunter v. Maloney*, 291 F.3d 74 (1st Cir. 2002), also cited by Respondent, and which stands only for the unremarkable proposition

constitutional claim in no uncertain terms. Indeed, although the Court of Appeals did not appear to address the absence of counsel issue head-on,[4] the panel acknowledged that it "agree[d] with defendant that it was improper to conduct a bench conference without defense counsel's presence," and cited a Michigan case, *People v Riggs*, 223 Mich App 662, 677; 568 NW2d 101 (1977), for the principle that the "*Sixth Amendment right to counsel attaches at 'critical stage' of proceedings*...." This acknowledgment further supports a finding that the constitutional issue was fairly presented to the court.

In a like manner, Petitioner presented the substance of his right to counsel claim to the Michigan Supreme Court in his application for leave to appeal. In addition, while the case was pending in the Supreme Court, Petitioner submitted supplemental authority from the Sixth Circuit– *French v. Jones*– clearly directed at his argument that the ex parte conference violated his Sixth Amendment right to have counsel present at a critical stage of the trial.

Based on a thorough review of the state court file in this case, I find that Petitioner fairly presented his Sixth Amendment right to counsel claim at all levels of direct

---

that a claim is not exhausted if it is presented for the first time to the state's highest court on discretionary review.

[4] It is of no import that the Court of Appeals did not clearly analyze the claim as a Sixth Amendment right to counsel issue. It is well-settled that "the exhaustion requirement 'cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely presented in petitioner's brief in state court.'" *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981), *quoting smith v. Digmon*, 434 U.S. 332, 333, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978). *See also Koonz v. Glossa, supra*, 731 F.2d at 368.


appellate review in the Michigan courts, and has therefore satisfied the exhaustion requirement as to this and all other issues raised in his habeas corpus petition.

## IV. CONCLUSION

I therefore recommend that Respondent's Motion for Summary Judgment be DENIED, and that Respondent be required to respond to the merits of the petition.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: MARCH 16, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 16, 2006.

                                                s/Susan Jefferson
                                                Case Manager