UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRON HEREFORD,

       Petitioner,                            No. 04-40293

v.                                        District Judge Paul V. Gadola

MILLICENT WARREN,              Magistrate Judge R. Steven Whalen

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Respondent's Motion to Stay Judgment Pending Appeal [Docket #40]. For the reasons set forth below, I recommend that the Motion be granted.[1]

### I.    LEGAL PRINCIPLES

Federal Rule of Appellate Procedure 23(c) provides that, while a decision ordering the release of a prisoner is on appeal, "the prisoner must-unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise-be released on personal recognizance, with or without surety." *Id.* The United States Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases. *Hilton v. Braunskill,* 481 U.S. 770, 774, 107 S.Ct. 2113,

---

[1] Because this is a post-judgment matter, a Magistrate Judge who is referred a motion for stay pending appeal must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993); *United States v. Cagle*, 235 F.R.D.. 641 (E.D. Mich. 2006).

-1-

95 L.Ed.2d 724 (1987). That presumption, however, may be overcome in the district court judge's discretion. *Id.* The United States Supreme Court in *Hilton* has held that a federal court should consider the following factors in deciding whether to stay an order granting habeas corpus relief pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776

A federal district court may also consider "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal ...; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Hilton, supra* at 777. (In the present case, Petitioner was sentenced in 2000 to a term of 9 to 20 years imprisonment for armed robbery).

## II. DISCUSSION

The Respondent has not made a strong showing that he is likely to succeed on the merits. The writ was granted on the basis that a mid-trial bench conference was held between the prosecutor and the judge in the absence of Petitioner's counsel. As discussed at greater length in the Report and Recommendation, the denial of counsel at a critical stage of criminal proceedings constitutes structural error. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *French v. Jones*, 332 F.3d 430, 438 (6th Cir. 2003). A sidebar

conference held during trial is a critical stage. *United States v. Minsky*, 963 F.3d 870 (6th Cir. 1992).

It is also true that the Petitioner has served a substantial portion of his nine-year minimum sentence. Petitioner's statutory maximum sentence, which determines his discharge date, is 20 years. Thus, the Court recognizes that the Petitioner might be harmed by his continued incarceration based on a constitutionally infirm conviction. However, that concern is more appropriately addressed in Petitioner's motion for bond pending appeal [Docket #45].[2]

On the other hand, looking to the last two *Hilton* factors, it would be a waste of judicial resources for the appeal to proceed in the Sixth Circuit Court of Appeals, while simultaneously requiring the State to retry Petitioner. Therefore, on balance, it would be prudent to grant a stay of this Court's judgment granting habeas relief pending Respondent's appeal to the Sixth Circuit.

### III. RECOMMENDATION

For these reasons, I recommend that Respondent's Motion for Stay Pending Appeals [Docket #40] be GRANTED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of

---

[2] Petitioner's Motion for Bond Pending Appeal, which has not been referred to the undersigned Magistrate Judge, will be decided separately.

appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: June 28, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 28, 2007.

S/G. Wilson<br>
Judicial Assistant