UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRON HEREFORD,

    Petitioner,　　　　　　　　　　　　　　No. 04-40293

v.　　　　　　　　　　　　　　　　　　　　District Judge Paul V. Gadola

MILLICENT WARREN,　　　　　　　　　　Magistrate Judge R. Steven Whalen

    Respondent.
_____/

### REPORT AND RECOMMENDATION RE: APPEAL BOND

Before the Court is Petitioner Darron Hereford's Request for Release on Bond [contained in Docket #45], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons that follow, I recommend that Petitioner's request be GRANTED, and that he be released on an unsecured bond pending the Respondent's appeal to the Sixth Circuit.

### I. PROCEDURAL HISTORY

Petitioner, having waived his right to trial by jury, was tried in a bench trial before the Honorable Rudy J. Nichols of Oakland County Circuit Court. He was tried along with a co-defendant, Kyle Davis, although Mr. Davis elected to have a jury decide his case. Petitioner was ultimately convicted of armed robbery, M.C.L. 750.529, and sentenced to a prison term of 9 to 20 years.

Following an unsuccessful direct appeal to the Michigan Court of Appeals and the Michigan Supreme Court, the Petitioner filed a petition for writ of habeas corpus in this Court, pursuant to 28 U.S.C. §2254. On February 21, 2007, the undersigned filed a Report and Recommendation that a conditional writ of habeas corpus be granted, based on structural error resulting from a mid-trial sidebar conference between the prosecutor and the trial judge,

at which Petitioner's counsel was not present. *See* Docket #36. On March 30, 2007, the District Judge accepted the Report and Recommendation, and granted a conditional writ of habeas corpus. *See* Docket #38 and #39.

Respondent filed a motion for stay pending appeal. The writ was conditioned on the state trial court commencing trial proceedings within 90 days. The undersigned filed a Report and Recommendation that the trial proceedings be stayed pending appeal, but explicitly declined to rule on the issue of Petitioner's release on bond at that time. The District Judge accepted the Report and Recommendation.

On June 29, 2007, the District Judge referred this case for determination of the Petitioner's request for bond.[1]

## II. ANALYSIS

Regarding a successful habeas petitioner's release pending appeal, Fed.R.App.P. 23(c) states:

> "Pending review of a decision ordering the release of a prisoner in such a proceeding, the prisoner *shall* be enlarged upon the prisoner's recognizance, with or without surety, unless the court or justice or judge rendering the decision, or the court of appeals or the Supreme Court, or a judge or justice of either court shall otherwise order." (Emphasis added).

In *Hilton v. Braunskill,* 481 U.S. 770, 774, 107 S.Ct. 2113, 2117-18, 95 L.Ed.2d 724 (1987), the Supreme Court held that Rule 23(c) creates a rebuttable presumption of release from custody in such cases. *Hilton* also held that in deciding a motion for appeal bond in a habeas corpus case, the court's decision is guided by an assessment of four factors: (1) whether the Petitioner has a likelihood of success on appeal; (2) the likelihood of irreparable

---

[1]Post-judgment motions are not pretrial matters, and therefore a Magistrate Judge referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(b). *See United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

harm to the Petitioner is bond is not granted; (3) the harm to other persons if bond *is* granted; and (4) the public interest. *Id.* at 776. The Court also held that "the possibility of the petitioner fleeing or posing a danger to the public, as well as the state's interest in continuing his rehabilitation, could mitigate against the release of a successful habeas petitioner pending appeal." *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992); *Hilton*, 481 U.S. at 777.

Applying these factors to the Petitioner's case, it is evident that the Respondent has not overcome the presumption that Petitioner is entitled to bond.

### A. Likelihood of Success on Appeal

The writ was granted because of a mid-trial bench conference between the prosecutor, the co-defendant's attorney and the trial judge, held in the absence of Petitioner's counsel, in violation of the Sixth Amendment right to have counsel present at all critical stages of the proceedings. The Report and Recommendation recommending a grant of summary judgment to the Petitioner, which the District Judge adopted, found that under *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), the error was structural, that is, it was error *per se*, not subject to a harmless error test. That such an *ex parte* conference is structural error is hardly a novel proposition, and has long been recognized as such by the Sixth Circuit. *See French v. Jones*, 332 F.3d 430 (6th Cir. 2003); *United States v. Minsky*, 963 F.3d 870 (6th Cir. 1992) (holding that a sidebar conference during a criminal trial is a critical stage of the proceedings). Indeed, the Michigan Court of Appeals, noting that the Sixth Amendment right to counsel attaches at critical stages of the proceedings, stated, "We agree with defendant that it was improper to conduct a bench conference without defense counsel's presence. However, the Court of Appeals unreasonably applied the Supreme Court's decision in *Cronic* by imposing a harmless error test. This was precisely the same type of error that supported the writ in *French v. Jones, supra*, 332 F.3d at 438, where the

Sixth Circuit held:

> "In light of clear federal law, the Michigan courts unreasonably applied harmless error analysis to French's deprivation of counsel during the supplemental instruction. The district court properly granted the writ of habeas corpus."

In light of clear and unambiguous precedent from the Supreme Court (*Cronic*) and the Sixth Circuit (*Minsky* and *French*), the Petitioner has a substantial likelihood of success on appeal, and the Respondent has a poor chance of success. This factor favors the grant of appeal bond.

### B. Irreparable Harm to Petitioner

The Petitioner has served more than 7 years of a 9 to 20 year sentence based on a conviction that this Court found to be constitutionally infirm. Given the likelihood of Petitioner's success on appeal, and the possibility of a not guilty verdict at retrial, every additional day he spends in prison may be a day irretrievably lost. The harm to Petitioner occasioned by further incarceration can thus only be characterized as irreparable.

On the other hand, there would be no irreparable harm to Respondent if Petitioner is released. Indeed, there would be no harm whatsoever.

### C. Harm to Other Persons

Petitioner, who has now served over seven years in prison, would not pose a threat to the community or to any other person if released. He was given bond by the Oakland County Circuit Court prior to trial, and remained on bond without incident.

Respondent argues that a seven-year-old attempted escape charge militates against granting bond. There was no conviction on that charge, which alleged an attempted escape from the Oakland County courtroom after the jury returned a verdict of guilty. *See People v. Hereford*, CR-2000-173639-FH (Oakland County Circuit Court). On October 26, 2000, during jury deliberations, the jury indicated that it could not reach a unanimous verdict, and

the trial judge declared a mistrial. Subsequently, on December 20, 2000, the judge dismissed the attempted escape charge.[2]

Again, there was no conviction on this charge, which was ultimately dismissed. Further, the incident giving rise to the charge occurred over seven years ago. During the ensuing time, Petitioner has earned a low security classification, and is incarcerated at a institution that includes inmates at the lowest security levels.[3] Obviously, the Michigan Department of Corrections, which has had the opportunity to monitor and assess Petitioner's behavior over the past seven years, does not view him as a serious threat or danger.[4]

Likewise, there is no serious risk that Petitioner will flee if released on bond. He has already served almost his entire minimum sentence,[5] and appears to be a likely candidate for parole fairly soon. Why would he risk adding on federal prison time by fleeing? Furthermore, Petitioner's counsel argues that Petitioner has a good chance of acquittal on retrial. While this Court does not propose to retry the case in this motion, it does appear that the Petitioner has an interest in being vindicated by a not guilty verdict, and thus has more incentive to stay than to flee. Again, he was free on bond before the first trial, and even

---

[2] *See* Affidavit of Darlene Hereford [Docket #48]. Mrs. Hereford, who is Petitioner's mother, states also that the attempted escape charge arose out of an incident where, following the announcement of a guilty verdict, the Petitioner, distraught, hugged her, and was then taken away by two Sheriff's Deputies. What she describes as a minor tussle ensued between the Petitioner and the Deputies, but she states that Petitioner did not try to leave the courtroom.

[3] A check of the Michigan Department of Corrections website indicates that Petitioner (inmate #308373) is classified at security level II, the next to lowest level. He is incarcerated at the Cotton Correctional Facility, which houses security levels I through IV.

[4] As to any concern with interfering with rehabilitation, *see Braunskill*, it appears that the rehabilitative process during the past seven years has been successful.

[5] According to the MDOC, Petitioner's earliest release date is March 10, 2009.

without seven years credit for time served, he always appeared in court as required.

### D. The Public Interest

The public has an interest in being assured that criminal trial are conducted in accordance with the Constitution. Petitioner's trial was not, and that is why this Court granted a writ of habeas corpus. The public has no interest in paying to keep the Petitioner, who has already served more than seven years on an invalid conviction, incarcerated while this case winds its way through the appellate process.

### IV. CONCLUSION

Accordingly, I recommend that Petitioner be released on personal recognizance, without surety, pending the appeal of this matter.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the

objections.

          S/R. Steven Whalen
          R. STEVEN WHALEN
          UNITED STATES MAGISTRATE JUDGE

Dated: August 23, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 23, 2007.

          S/G. Wilson
          Judicial Assistant