UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRON LAMAR HEREFORD,

                               Plaintiff,

                                                      CIVIL CASE NO. 04-40293

v.

MILLICENT WARREN,                         HONORABLE PAUL V. GADOLA
                                                               U.S. DISTRICT COURT
                               Defendants.
_____/

## **ORDER**

      This is habeas corpus action, pursuant to 28 U.S.C. § 2254, in which Petitioner challenged his state court conviction for armed robbery. On March 30, 2007, the Court accepted and adopted Magistrate Judge R. Steven Whalen's Report and Recommendation, recommending that Petitioner's motion for summary judgment be granted. *See* docket entry #38. The Court granted Petitioner a conditional writ of habeas corpus, ordering that Petitioner be unconditionally released if a new trial was not set within 120 days. *See Hereford v. Warren*, Case No. 04-40293, 2007 WL 1017344 (E.D. Mich. Mar. 30, 2007). The judgment on this matter was entered on March 30, 2007. *See* docket entry #39.

      On April 20, 2007, Respondent filed a notice of appeal and a motion to stay the judgment pending appeal. *See* docket entries #41, 40. Respondent then filed a motion for immediate consideration of the motion to stay on June 19, 2007. *See* docket entry #46. Petitioner filed a response to the motion to stay and, in the same document, sought release on bond. *See* docket entry #45. The matters were referred to Magistrate Whalen.

      Magistrate Judge Whalen granted Respondent's motion for immediate consideration of the

motion to stay pending appeal, *see* docket entry #50, and on June 28, 2007, issued a Report and Recommendation, recommending that Respondent's motion be granted. *See* docket entry #49. Neither party filed objections and the Report and Recommendation granting the motion to stay was accepted and adopted by the Court. *See Hereford v. Warren*, No. 04-40293, 2007 WL 2004910 (E.D. Mich. July 10, 2007).

Magistrate Judge Whalen separately considered Petitioner's request for bond on appeal. On August 23, 2007, Magistrate Judge Whalen considered the four factors set forth in *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987), and recommended that Petitioner be released without surety pending the State's appeal. *See* docket entry #53. Magistrate Judge Whalen also notified the parties that any objections must be filed within ten days. Respondent filed objections on September 7, 2007 and Respondent filed a brief response.

The Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the report and recommendation, the Court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), that states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

Here, because Respondent filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807. *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id*; 12 Wright, Federal Practice § 3070.2.

In the present case, Respondent presents several objections, most notably objecting to Magistrate Whalen's findings as to each of the *Hilton-Braunskill* factors. *See Hilton*, 481 U.S. at 777. Petitioner perfunctorily responded to these objections, arguing first that the objections were untimely and second, stating that he "relies upon the arguments and authorities" contained in his motions and upon the findings of Magistrate Judge Whalen in his Report and Recommendation.

First, the Court addresses the timeliness of Respondent's objections. The Report and Recommendation indicated that any objections must be filed within ten days, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). That document was filed on August 23, 2007. Respondent filed its objections on September 7, 2007. Although more than ten *calendar* days passed between the filing of the Report and Recommendation and the objections, "When a period of time

3

prescribe or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a). In the present case, under Rule 6, September 7, 2007, was the tenth day following the filing of the Report and Recommendation.[1] Accordingly, Respondent's objections were timely and the Court now considers the portions of the Report and Recommendation objected to, on a *de novo* review. Having resolved the timeliness issue, the Court will now turn to address the substance of the Respondent's objections.

A determination of whether Petitioner should be released pending further review is governed by Federal Rule of Appellate Procedure 23(c). The rule provides:

> **Release Pending Review of Decision Ordering Release**. While a decision ordering the release of a prisoner is under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety.

Fed. R. App. P. 23(c). "This rule makes it clear that pending appeal by the custodian of a prisoner who has successfully obtained a writ of habeas corpus the prisoner is presumptively entitled to release." *United States ex rel. Barnwell v. Rundle*, 461 F.2d 768, 770 (3d Cir. 1972) (cited in *Cagle v. Davis*, 520 F. Supp. 297, 311 (D.C. Tenn. 1980) *aff'd*, 663 F.2d 1070 (6th Cir. 1981)). *See also Hilton*, 481 U.S. at 774 (stating "Rule 23(c) undoubtedly creates a presumption of release from custody in such cases. . . .").

The presumption in favor of release is not, however, insurmountable. The presumption "may be overcome if the traditional stay factors tip the balance against it." *Hilton*, 481 U.S. at 777. The

---

[1] The Court notes that Monday, September 3, 2007 was Labor Day, a federal "legal holiday" that must be excluded from the computation of days as prescribed in Federal Rule of Civil Procedure 6. ("As used in this rule . . . 'legal holiday' includes . . . Labor Day. . . ."). Additionally, because Respondent's objections were filed strictly within the ten day window, the Court need not consider the applicability of Fed. R. Civ. P. 6(e) in the instant case.

factors to be considered are the same factors relevant to a motion to stay the judgment, *Id.* at 776.

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* Additionally, "the possibility of the petitioner fleeing or posing a danger to the public, as well as the state's interest in continuing his rehabilitation, could mitigate against the release of a successful habeas petitioner pending appeal." *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992); *Hilton*, 481 U.S. at 777.

Considering Respondent's objections, and considering the *Hilton-Braunskill* factors under a *de novo* review, the Court finds that continued detention is warranted for several reasons. First, although this Court has ruled in favor of Petitioner on the habeas petition, the writ of habeas was conditioned upon retrial by the State. The error found by this Court was structural, it was not based upon a finding that the evidence in the original trial was insufficient for conviction or based upon newly discovered evidence that exonerated Petitioner. Based upon the writ, Petitioner was not entitled to unconditional release but instead must face a second trial on the matter. As a result, even if Respondent is not successful on appeal, if Petitioner is subsequently convicted on retrial, continued detention at this point causes little harm to Petitioner other than to hasten his completion of his sentence. Therefore, in considering the likelihood of success of both parties and the potential harm that will be incurred, the Court must also consider whether Petitioner is likely to succeed on retrial.

Addressing the evidence against Petitioner at the first trial, the Michigan Court of Appeals

found:

> The assistant manager of the restaurant testified extensively regarding his recollections of the armed robbery. Both the assistant manager and the restaurant's part owner recalled that the assistant manager had worked with defendant for at least a month, on several occasions each week. The assistant manager testified repeatedly and with certainty that he recognized defendant as one of the robbers when defendant's mask briefly slipped from his face. A police officer who responded to the restaurant after the robbery testified that the assistant manager positively identified defendant as a participant in the robbery.

*People v. Hereford*, Michigan Case No. 227296, 2003 WL 193523 at *1 (Mich. Ct. App. Jan. 28, 2003). Based upon this substantial eyewitness testimony, a review of the record suggests there is substantial evidence of Petitioner's guilt that will be used against him on retrial. Therefore, after considering the parties' ultimate likelihood of success and the potential harm to Petitioner, the analysis weighs in favor of Petitioner's continued detention.

Furthermore, there is significant potential of harm to the Respondent and the public if Petitioner is released. Although Petitioner asserts that he successfully remained on bond leading up to the original trial, Petitioner has displayed actions that cause this Court significant concern. Petitioner admits that once the guilty verdict was delivered at his trial and he was facing incarceration, he disobeyed the officer's command to put his hands behind his back so that he could be taken into custody. *See* Respondent's Objs, Ex. A, pp. 54-55. Then, after disobeying the officers, Petitioner jumped the bar separating the attorneys' tables and the galley so that he could run to the back of the courtroom. *Id.* Although a jury could not reach a verdict on the attempted escape charge that resulted from this incident, such actions raise serious concerns whether Petitioner would attempt to flee while facing a retrial. Furthermore, Petitioner was charged, and faces retrial for armed

robbery. This is among the most serious of crimes and, as stated above, there is significant evidence against Petitioner. Therefore, the potential harm to the State and the potential harm to the public tip the analysis in favor of Respondent and in favor of continued detention. *See Hilton*, 481 U.S. at 776; *Workman*, 958 F.2d at 166.

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Respondent's objections to the Report and Recommendation [docket entry #54] are **SUSTAINED**.

**IT IS FURTHER ORDERED** that the August 23, 2007, Report and Recommendation [docket entry #53] is **REJECTED**.

**IT IS FURTHER ORDERED** that Petitioner's request for bond pending appeal [contained in docket entry #45] is **DENIED**.

**SO ORDERED.**

Dated:  November 20, 2007                          s/Paul V. Gadola
                                                   HONORABLE PAUL V. GADOLA
                                                   UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   November 20, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
              Mark N. Awada; Brian O. Neill                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                           .

                                                   s/Ruth A. Brissaud
                                                   Ruth A. Brissaud, Case Manager
                                                   (810) 341-7845

---