UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRON LAMAR HEREFORD,

    Petitioner,                                      No. 04-40293

v.                                                      District Judge Stephen J. Murphy, III

MILLICENT WARREN,                  Magistrate Judge R. Steven Whalen

    Respondent.
_____/

## REPORT AND RECOMMENDATION

On October 13, 2004, Petitioner Darron Hereford filed a petition for writ of habeas corpus under 28 U.S.C. §2254, challenging his conviction in the Oakland County, Michigan Circuit Court for armed robbery. The matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the petition for writ of habeas corpus be DENIED.

### I. PROCEDURAL HISTORY

Mr. Hereford, having waived his right to trial by jury, was tried in a bench trial before the Honorable Rudy J. Nichols of Oakland County Circuit Court. He was tried along with a co-defendant, Kyle Davis, although Mr. Davis elected to have a jury decide his case. Mr. Hereford was ultimately convicted of armed robbery, M.C.L. 750.529, and sentenced to a prison term of 9 to 20 years.

On December 3, 2002, the Court of Appeals affirmed Mr. Hereford's conviction in an unpublished per curiam decision. However, that opinion was completely silent as to the *ex parte* bench conference that formed the basis of Mr. Hereford's supplemental brief. On December 23, 2002, Mr. Hereford filed a motion for rehearing based on the court's failure to address his supplemental issues. The Court of Appeals granted the motion for rehearing,

-1-

and issued a new opinion on January 28, 2003, discussing the *ex parte* conference issue, and again affirming Mr. Hereford's conviction.

On October 8, 2003, the Michigan Supreme Court denied leave to appeal, over the dissent of Justice Kelly.[1] Mr. Hereford then filed his petition for writ of habeas corpus in this Court, raising two issues: (1) he was denied his Sixth Amendment right to counsel at a critical stage of the proceedings as a result of the *ex parte* bench conference, and (2) he was denied his Sixth Amendment right to the effective assistance of counsel as a result of numerous errors and omissions of his trial attorney.

On April 26, 2006, Mr. Hereford filed a motion for summary judgment [Docket #34], arguing that his trial attorney's absence from the *ex parte* bench conference between the prosecutor and the judge was a structural error that denied him the right to counsel at a critical stage of the proceedings. On February 1, 2007, I filed a Report and Recommendation ("R&R") in which I found that (1) the sidebar conference was a critical stage of the proceedings; (2) the Mr. Hereford's attorney was completely absent from that proceeding; and (3) pursuant to *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), prejudice was presumed, without reference to a harmless error analysis. Therefore, I recommended that Mr. Hereford be granted summary judgment, and that a conditional writ of habeas corpus be granted. *See* Docket #36. On March 30, 2007, Judge Gadola adopted my R&R and granted a conditional writ. *See* Docket #38.

Respondent took an appeal to the Sixth Circuit, which reversed the judgment of the district court and remanded for further proceedings, over the dissent of Judge Clay.

The remaining issue for this Court to decide is whether Mr. Hereford was denied the

---

[1] Justice Kelly did not specify the issue on which she thought leave should be granted.

effective assistance of counsel based on his trial attorney's performance.

## II. FACTS

Mr. Hereford's conviction arose out of an April 22, 1999 armed robbery of a Hungry Howie's restaurant in Southfield, Michigan. Mr. Hereford was tried in a bench trial, while his two co-defendants, Alvin Smith and Kyle Davis, were convicted at jury trials. Mr. Hereford's conviction was based largely on the identification testimony of the restaurant manager and the testimony of co-defendant Smith. Both of these witnesses supported the judge's finding that Mr. Hereford participated in the robbery, but they differed as to whether Mr. Hereford himself possessed a gun; Smith said he did, and the restaurant manager said that he did not. The Court of Appeals, discussing a sufficiency of evidence issue, described the facts as follows:

> "Defendant's claim that the evidence at trial did not support the circuit court's identification of him as a participant in the robbery lacks merit. The assistant manager of the restaurant testified extensively regarding his recollections of the armed robbery. Both the assistant manager and the restaurant's part owner recalled that the assistant manager had worked with defendant for at least a month, on several occasions each week. The assistant manager testified repeatedly and with certainty that he recognized defendant as one of the robbers when defendant's mask briefly slipped from his face. A police officer who responded to the restaurant after the robbery testified that the assistant manager positively identified defendant as a participant in the robbery. Codefendant Smith also offered testimony that defendant participated in the robbery."

In terms of the testimonial discrepancy regarding whether Mr. Hereford had a gun, the Court stated:

> "Regarding defendant's challenge to the circuit court's finding that defendant possessed a gun during the robbery, codefendant Smith's testimony to this effect constituted the sole evidence supporting the court's finding. Smith's testimony directly contradicted the assistant manager's recollection that defendant did not have a gun during the robbery. Although Smith never testified that anyone other than defendant had the gun during the robbery, Smith's account of the crime otherwise appeared vague and somewhat inconsistent with the victims' recollections. Nonetheless, the circuit court apparently believed at least that portion of Smith's testimony recounting

-3-

defendant's possession of a weapon, and we reiterate that '[t]his Court should not interfere with the [factfinder's] role in determining the weight of the evidence or the credibility of witnesses.'" (Internal citations omitted).

In footnote 4 of its opinion, the Court of Appeals observed that any error in the admission of Smith's less than sterling testimony would be harmless in view of the other evidence that Mr. Hereford was at least an aider and abettor:

> "[I]n light of the other identification testimony supporting defendant's conviction as an aider and abettor of the robbery, any error with respect to the admission of Smith's accomplice testimony qualifies as harmless."

Mr. Hereford argued in the Court of Appeals, as he does here, that his trial attorney was constitutionally ineffective in regard to 10 specific errors of counsel. The Court of Appeals noted that Mr. Hereford had not moved for a new trial or an evidentiary hearing on this issue, and therefore limited its review to the trial record:[2]

> "Because defendant failed to properly preserve this issue for appellate review by timely moving for a new trial or evidentiary hearing on the basis of ineffective assistance, our review of defendant's allegations is limited to the existing record."

As to the merits of the ineffective assistance claim, the Court of Appeals held as follows:

> "Limiting our review to the existing record, we are not persuaded that defense counsel was ineffective. Defendant has failed to overcome the strong presumption that defense counsel's evidentiary decisions and witness examinations constituted sound trial strategy, or to demonstrate that any action by defense counsel deprived him of a substantial defense or otherwise adversely affected the outcome of his trial.
>
> "We note that defense counsel vigorously cross-examined both witnesses who identified defendant, namely the assistant manager and codefendant Smith. We further note that the record, which reflects defendant's knowing and voluntary waiver of his right to a jury trial, contradicts defendant's claim that defense counsel gave him poor advice regarding his decision to opt for a bench

---

[2] Mr. Hereford does not challenge this finding by the Court of Appeals, and does not argue that his appellate attorney was ineffective for failing to move for an evidentiary hearing.

trial....We lastly observe that defense counsel did not provide ineffective assistance by failing to make a meritless motion to suppress defendant's precustodial statements to the police." (Internal citations omitted).

### III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's habeas corpus review of state court decisions. Specifically, 28 U.S.C. §2254(d) provides:

> "(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of that claim - -
>
> a. resulted in a decision that was contrary to, or involved in unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> b. resulted in a decision that was based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

In *Williams* v *Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Supreme Court held that in order to justify a grant of habeas corpus relief under the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams*, 529 U.S. at 412. Under subsection (d), habeas relief may not be granted unless (1) the state court decision was contrary to established federal law, or (2) the state court decision involved an unreasonable application of clearly established federal law. *Williams* held that a state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this court has on a set of materially indistinguishable facts." *Id* at 413. *Williams* further held that a state court decision will be deemed an "unreasonable

application" of clearly established federal law "if the state court identifies the correct governing legal principle from this court's decisions but unreasonably applies that principle to the facts of a prisoner's case." *Id*. In *Brown v. Payton*, 544 U.S. 133, 141, 125 S.Ct. 1432, 161 L.Ed.2d 334 (2005), the Supreme Court stated that a "state court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner."

## IV. DISCUSSION

The Sixth Amendment guarantees the accused in a criminal prosecution the right to the effective assistance of counsel. *Strickland* v. *Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* sets forth a two-part test for assessing claims of ineffective assistance. First, did the attorney make errors "so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment," 466 U.S. at 687. To establish deficient performance under this prong of *Strickland*, the defendant must show that his attorney's representation "fell below an objective standard of reasonableness." *Id.*, at 688. The second prong of *Strickland* examines whether the defendant was prejudiced by counsel's deficient performance. To meet the prejudice standard, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

There is a strong presumption that counsel's performance was professionally reasonable, and a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689. "Although this is a high burden for a petitioner to satisfy, it is even higher for a petitioner proceeding under the AEDPA. That is, a petitioner must do more than show that he would have satisfied

*Strickland*'s test if his claim were being analyzed in the first instance. He must show that the state court of appeals applied *Strickland* to the facts of his case in an 'objectively unreasonable manner.'" *Durr v. Mitchell*, 487 F.3d 423, 435 (6th Cir. 2007), quoting *Bell v. Cone,* 535 U.S. 685, 698-99, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).

Mr. Hereford claims that his trial attorney's performance was deficient in 10 specific regards. *See* Petition, pp. 18-20. These can be grouped into three basic categories: (A) trial errors, such as failure to present evidence, call witnesses, or effectively cross-examine witnesses; (B) misadvising Mr. Hereford and his family as to the benefits of a bench trial; and (C) failure to file a motion to suppress pre-custodial statements.

The Court of Appeals correctly found that because Mr. Hereford failed to move for a new trial or request an evidentiary hearing, its decision had to be based on the existing record. Nor has Mr. Hereford requested an evidentiary hearing in this Court.[3] He has therefore not offered any evidence in this proceeding to show that his attorney's trial decision to present or not present specific evidence was not sound trial strategy. While he might argue that, in retrospect, he would have had a stronger case if his attorney had proceeded differently, it is not necessary that counsel make the best decisions (as determined in hindsight), but only that counsel make reasonable decisions. "Strategic choices by counsel, while not necessarily those a federal judge in hindsight might make, do not rise to the level of a Sixth Amendment violation." *Burton v. Renico*, 391 F.3d 764, 774 (6th Cir. 2004). Mr. Hereford was identified by two witnesses, one with whom he had worked, and one who was a codefendant. The Court of Appeals noted counsel's vigorous cross-examination of these witnesses, and the trial judge was well aware of the deficiencies in Mr. Smith's testimony,

---

[3] In any event, the 28 U.S.C. § 2254(e) precludes an evidentiary hearing on habeas review if the petitioner "has failed to develop the factual basis of a claim in State court proceedings."

including the divergent testimony as to who had the gun. Perhaps Mr. Hereford's present lawyer, having reviewed this record, would have focused on what he sees as an improbable time line. That trial counsel chose a different approach, however, must be chalked up to trial strategy, not ineffective assistance.

As to the advice on waiving the jury, Mr. Hereford argues, with no record support, that his attorney claimed to be a golf buddy of the judge, and could guarantee an acquittal. Because Mr. Hereford failed to request an evidentiary hearing, we do not have the attorney's side of the story. We do have the Court of Appeals finding that based on the existing record, Mr. Hereford knowingly and voluntarily waived his right to a jury.

Finally, Mr. Hereford faults counsel for failing to challenge his statement to the police under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, as the Court of Appeals observed, the statement was made while Mr. Hereford was not in custody. By its terms, *Miranda* applies only to custodial statements.

In short, Mr. Hereford has not overcome the presumption that his attorney's performance was constitutionally adequate, and more importantly, has not shown that the Court of Appeals unreasonably applied either the performance or prejudice prong of *Strickland v. Washington*.

## V. CONCLUSION

For these reasons, I recommend that the Petition for Writ o Habeas Corpus be DENIED. I further recommend that the Court DENY A CERTIFICATE OF APPEALABILITY because the Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich.

LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        s/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Dated: September 9, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 9, 2010.

        s/Susan Jefferson
        Case Manager